JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17    3452

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Andrew Perrong | Lednor Corp, DBA Harry Helmet 121 Benfield Blvd Ste 5 Millersville md 21108-2612 |
| 165 Frith Fair Dr PA 19046 | Montgomery |
| **(b)** County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant   Anne Arundel |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
| Pro Se | |

| II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)* | | III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff* | | | |
|---|---|---|---|---|---|
| | | *(For Diversity Cases Only)* | | *and One Box for Defendant)* | |

❏ 1   U.S. Government Plaintiff

❏ X   Federal Question *(U.S. Government Not a Party)*

❏ 2   U.S. Government Defendant

❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | of Property 21 USC 881 | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | ❏ 690 Other | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

❏ X 1 Original Proceeding   ❏ 2 Removed from State Court   ❏ 3 Remanded from Appellate Court   ❏ 4 Reinstated or Reopened   ❏ 5 Transferred from Another District *(specify)*   ❏ 6 Multidistrict Litigation - Transfer   ❏ 8 Multidistrict Litigation - Direct File

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* Federal Telephone Consumer Protection Act 47 USC § 227 |
|---|---|
| | Brief description of cause: Defendants called/texted Plaintext |

| VII. REQUESTED IN COMPLAINT: | ❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | **DEMAND $** 582,500 | CHECK YES only if demanded in complaint: JURY DEMAND:  ❏ X Yes   ❏ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* JUDGE | DOCKET NUMBER |
|---|---|---|

DATE 8-2-17          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AUG - 2 2017

**UNITED STATES DISTRICT COURT**

17   3452

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1657 The Fairway #131 Jenkintown, PA 19046

Address of Defendant: 1121 BENFIELD BLVD STE S MILLERSVILLE, MD 21108-2642

Place of Accident, Incident or Transaction: By phone call to my private telephone.

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify) Federal Telephone Consumer Protection Act

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Andrew Perrong , counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought.

DATE: 8/02/2017   _____ Andrew Perrong   PLAINTIFF PRO SE
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/02/2017   _____ Andrew Perrong   PLAINTIFF PRO SE
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

AUG - 2 2017

CDJ

## UNITED STATES DISTRICT COURT

**17    3452**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1657 The Fairway #131 Jenkintown, PA 19046

Address of Defendant: 1121 BENFIELD BLVD STE S MILLERSVILLE, MD 21108-2642

Place of Accident, Incident or Transaction: By phone call to my private telephone.
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify) Federal Telephone Consumer Protection Act

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Andrew Perrong, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 8/02/2017

_____ Andrew Perrong
Attorney-at-Law

PLAINTIFF PRO SE
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/02/2017

_____ Andrew Perrong
Attorney-at-Law

PLAINTIFF PRO SE
Attorney I.D.#

CIV. 609 (5/2012)

AUG - 2 2017



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

ANDREW PERRONG                                   :          CIVIL ACTION
                                                 :
          v.                                     :
                                                 :
Lednor Corporation d.b.a. Harry Helmet et al.    :          NO. **17      3452**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for
plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of
filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse
side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said
designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on
the plaintiff and all other parties, a Case Management Track Designation Form specifying the track
to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                     (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (☑)

8/02/2017                      Andrew Perrong                 PLAINTIFF PRO SE
_____           _____          _____
**Date**                       **Attorney-at-law**               **Attorney for**
215-791-6957                   888-329-0305                   ANDYPERRONG@GMAIL.COM
_____           _____          _____
**Telephone**                      **FAX Number**                  **E-Mail Address**

(Civ. 660) 10/02

AUG - 2 2017



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW R. PERRONG**<br>**1657 The Fairway #131 Jenkintown, PA 19046**<br>**Telephone: 215-791-6957**<br>**Facsimile: 888-329-0305**<br>**andyperrong@gmail.com**<br><br>Plaintiff,<br><br>vs.<br><br>**Lednor Corporation d.b.a. Harry Helmet**<br>**1121 Benfield Blvd Ste S**<br>**Millersville, MD 21108-2642,**<br><br>**DELPHIN ETIENNE THEBAUD III**<br>**1121 Benfield Blvd Ste S**<br>**Millersville, MD 21108-2642,**<br><br>**DELPHIN ETIENNE THEBAUD IV**<br>**1121 Benfield Blvd Ste S**<br>**Millersville, MD 21108-2642,**<br><br>**JAYNE MACK**<br>**1121 BENFIELD BLVD STE S**<br>**MILLERSVILLE, MD 21108-2642,**<br><br>**MODERNIZE, INC.**<br>**1209 ORANGE ST**<br>**WILMINGTON, DE 19801,**<br><br>**JASON EDWARD POLKA**<br>**4313 SINCLAIR AVE.**<br>**AUSTIN, TX 78756,**<br><br>**IPO WINDOWS & HOME d.b.a.**<br>**CITYLIFE INVESTMENTS & ACQ, LLC**<br>**2108 RAMONA LN**<br>**WOODSTOCK MD 21163-1248,**<br><br>**REGINALD E DANAGE**<br>**2108 RAMONA LN.**<br>**WOODSTOCK, MD. 21163,** | **Civil Action**<br>**No.** **17** **3452** |

1

**ROSA DANAGE**                               )
**3303 PEDDICOAT CRT.**                        )
**WOODSTOCK MD 21163,**                        )
                                              )
**PRESTIGE HOME SOLUTIONS LLC**                )
**2725 FAIT AVE.**                             )
**BALTIMORE MD 21224,**                        )
                                              )
**ANDREW AVRAMIDIS**                           )
**2725 FAIT AVE.**                             )
**BALTIMORE MD 21224,**                        )
                                              )
**and**                                        )
**DOES 1 through 100, inclusive,**             )
                                              )
      **Defendants.**                              )    **Jury Trial Demanded**
                                              )

Plaintiff ANDREW R. PERRONG brings this action for damages, statutory damages, punitive damages, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64, as well as the Racketeer Influenced and Corrupt Organization Act 18 U.S.C. 1964 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of LEDNOR CORPORATION D.B.A. HARRY HELMET, DELPHIN ETIENNE THEBAUD III, DELPHIN ETIENNE THEBAUD IV, JAYNE MACK, MODERNIZE, INC., JASON EDWARD POLKA, IPO WINDOWS & HOME d.b.a. CITYLIFE INVESTMENTS & ACQ, LLC, REGINALD E DANAGE, ROSA DANAGE, PRESTIGE HOME SOLUTIONS, ANDREW AVRAMIDIS, and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and related claims that form part of the same claim or controversy and/or under 28 U.S.C. § 1367(a) ("Supplemental" Jurisdiction). Plaintiff demands a trial by jury, and complains and alleges as follows:

2

## I.   **Introduction**

1.   Defendants Does #1-5 are an individual and/or corporation of unknown origin who first called Plaintiff on his private telephone number, and who sold leads to THE LEDNOR RACKETEERS, THE MODERNIZE RACKETEERS, IPO RACKETEERS, and THE PRESTIGE RACKETEERS. In this complaint, Defendant Doe #1-5 are referred to as "THE LEAD RACKETEERS"

2.   During the period relevant herein and continuing presently, THE LEDNOR RACKETEERS, THE MODERNIZE RACKETEERS, THE IPO RACKETEERS, and THE PRESTIGE RACKETEERS (Collectively, "THE CALLER RACKETEERS") called Plaintiff on this private telephone using information and consent purportedly originally gained from THE LEAD RACKETEERS. THE LEAD RACKETEERS were a provider of information technology, centralized operational and backend support services, and leads which THE CALLER RACKETEERS used.

3.   Collectively, THE LEDNOR RACKETEERS, THE MODERNIZE RACKETEERS, THE IPO RACKETEERS, THE PRESTIGE RACKETEERS and THE LEAD RACKETEERS are referred to as "Defendants".

4.   Plaintiff brings this action to challenge the Defendants' practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Defendants' and Defendants' agents' illegal telephone solicitations by which it markets its products and services.

5.   All of the claims asserted herein arise out of Defendants' illegal telephone solicitation campaign and are a common fact pattern.

3

## II.    <u>Jurisdiction and Venue</u>

6.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that

Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's

claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district,

pursuant to 28 U.S.C. §118. Each of the Defendants has sufficient minimum contacts with this

District, and otherwise purposely avail themselves of the markets in this District. Also, see *Lary*

*V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal

Telephone Consumer Protection Act case, which held that "venue is proper in the district where

[plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred

when the [facsimile] was received."

8.   Standing is proper under Article III of the Constitution of the United States of

America because Plaintiff's claims state: a.) a valid injury in fact; b.) which is traceable to the

conduct of Defendants; and c.) is likely to be redressed by a favorable judicial decision. See,

Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6, and Lujan v. Defenders of Wildlife, 504 U.S.

555 at 560. 29.

## III.    <u>Parties</u>

9.   Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the

alleged phone calls on his private telephone line mentioned herein. Plaintiff is an adult individual

and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway

#131 Jenkintown, PA 19046.

10. Defendants Does 1-5 ("THE LEAD RACKETEERS") are an individual and/or

4

corporation of unknown origin who first called Plaintiff on his private telephone number, and who sold leads under false and illegal pretenses to THE CALLER RACKETEERS. In this complaint, Defendant Doe #1-5 are referred to as "THE LEAD RACKETEERS"

11. Defendant LEDNOR CORPORATION D.B.A. HARRY HELMET is a company owned by DELPHIN ETIENNE THEBAUD III, DELPHIN ETIENNE THEBAUD IV, and operated by JAYNE MACK, which placed numerous telephone calls to Plaintiff. Collectively, they are referred to as THE LEDNOR RACKETEERS.

12. Defendant MODERNIZE, INC. is a corporation owned by JASON EDWARD POLKA, which placed numerous telephone calls to Plaintiff. Collectively, they are referred to as THE MODERNIZE RACKETEERS.

13. Defendant IPO WINDOWS & HOME d.b.a. CITYLIFE INVESTMENTS & ACQ, LLC is a corporation owned by REGINALD E DANAGE, and ROSA DANAGE, which placed numerous telephone calls to Plaintiff. Collectively, they are referred to as THE IPO RACKETEERS.

14. Defendant PRESTIGE HOME SOLUTIONS is a corporation owned by ANDREW AVRAMIDIS, which placed numerous telephone calls to Plaintiff. Collectively, they are referred to as THE PRESTIGE RACKETEERS.

15. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 6 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

16. At all times herein mentioned, Defendants, and the Doe Defendants, (collectively,

5

"Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

17. Defendants THE LEAD RACKETEERS, THE LEDNOR RACKETEERS, THE MODERNIZE RACKETEERS, THE IPO RACKETEERS, and THE PRESTIGE RACKETEERS (collectively, "Defendants"), constitute a racketeering enterprise. Said enterprise used and employed the wires of the United States of America to engage in fraudulent and criminal activity by racketeering, wire fraud, illegally recording telephone calls with Plaintiff, illegally forcing/manufacturing consent to call plaintiff, illegally spoofing caller ID calling Plaintiff in violation of the TCPA, deprivation of civil rights under color of law, and threatening Plaintiff with bodily injury, reports to governmental authorities, and criminal penalties for asserting his rights under the TCPA.

18. Plaintiff is informed and believes, and therefore alleges, that THE LEAD RACKETEERS and, THE CALLER RACKETEERS' comprehensive right to control is sufficient to meet the agency standard under Pennsylvania and federal law.

19. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

20. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## IV.    Factual Allegations

21. In or about July 27, 2017, Plaintiff received a telemarketing call from caller ID 301-920-1067 to Plaintiff's private phone 301-920-1621, asking if he was interested in pricing estimates for home improvements.

22. Plaintiff is under the belief that this call was placed by THE LEAD RACKETEERS. During the call, THE LEAD RACKETEERS asked for someone else's name and provided someone else's address, and plaintiff answered in the affirmative and proceeded with the call to discover the identity of the caller and for no other reason. The caller did not reveal their true identity, and remains unknown.

23. The caller ID for this first call was illegally spoofed, and made a characteristic "pop" noise after Plaintiff answered, and there was a delay in connecting to an agent, which indicates it was a "robocall" made using an Automatic Telephone Dialing System. The call also was illegally recorded without Plaintiff's consent in contravention of Pennsylvania law.

24. Plaintiff contends that during this call Plaintiff never consented to contact from any other entities, since he repeatedly reiterated the FCC rule that one need not consent to receive automatically-dialed telephone calls in order to purchase products and services. Plaintiff would have been perfectly content to let the one call made by THE LEAD RACKETEERS slide as he could not uncover the identity of the caller, but THE LEAD RACKETEERS provided the

7

illegally obtained call recording and contact information to THE CALLER RACKETEERS, despite the lack of consent.

25. Plaintiff asserts that, despite any consent purportedly received during the original call by THE LEAD RACKETEERS, such consent, if any, would have applied to THE LEAD RACKETEERS only, and that even this consent is null and void as it was purportedly made to discover the identity of the illegal caller, and was forced upon Plaintiff in an effort to discover Caller's identity. Plaintiff notes that there are no TCPA cases out there that deal with TCPA liability and forced consent, and believes that it is high time that the issue was brought to the court's attention, since more and more companies are getting caught forcing consent through the use of companies such as THE LEAD RACKETEERS to duck liability under the TCPA and hide their corporate identity from TCPA suits. Such "consent" is a lose-lose situation and a double-bind for consumers in that they must either consent to violations of the TCPA or not know who to sue under the TCPA, thus making the TCPA essentially toothless.

26. Plaintiff brings to the court's attention that other federal district Courts have held Plaintiff's practices to be legitimate and have not held such forced "consent" to be detrimental to a plaintiff bringing a TCPA action. See for instance, *Bank v. Caribbean Cruise Line*, which held that "Purporting to obtain consent during the call, such as requesting that a consumer "press 1" to receive further information, does not constitute the prior consent necessary to deliver the message in the first place, as the request to "press 1" is part of the telemarketing call.... As the FCC has stated, the consent must be made before the call." *See also Margulis v. P&M Consulting, Inc., 121 S.W. 3d 246 (Mo. App. ED 2003),* which held that, "The fact that the initial prerecorded call was one step removed from the actual sales pitch' does not mean that the

purpose of the call was not ultimately meant to convey information about commercially available services"

27. A full list of all the unsolicited telephone messages, time, and content, placed by THE CALLER RACKETEERS as a result of the actions of THE LEAD RACKETEERS is incorporated here by reference to Exhibit A.

28. Plaintiff's telephone number was active on the Federal Do-Not-Call registry for over thirty-one (31) days prior to the illegal unsolicited messages, per FTC rules.

29. Plaintiff received the Calls on his private telephone line, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

30. Plaintiff has sustained, in additional to statutory damages, actual damages in receiving the messages, voicemails, and calls in the form of clutter to his message inbox, loss of time and privacy, annoyance, as well as in needing to pay for each message/call sent or received on his account.

31. These solicitations constituted "RoboCalls" under the TCPA that were not for emergency purposes.

32. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone Calls on his personal telephone to transmit a message or make Calls, as more fully described above.

33. Plaintiff had no prior business relationship with any one, more, or all of Defendants.

34. The telephone Sales Calls therefore violated various portions of 47 U.S.C. § 227 and 47 CFR 64.1200, as more fully outlined in the Causes of Action set forth below.

35. THE LEAD RACKETEERS designed and implemented an extensive offshore calling

9

racketeering scheme whereby they call hundreds of thousands of telephone numbers, presumably from an offshore call center, using an automatic telephone dialing system, which utilized illegal "neighbor" caller ID spoofing, a form of caller ID spoofing whereby the callers use other, legitimate numbers in the same first 6 numbers of the caller ID to make it look like the call is coming from a neighbor, and illegally recorded the calls they made and forced the consent of the persons they called to receive telemarketing calls from THE CALLER RACKETEERS.

36. THE CALLER RACKETEERS conspired with THE LEAD RACKETEERS to call people in violation of the TCPA and conspired with THE LEAD RACKETEERS to develop business plans, marketing promotions, and sales messages, i.e., by employing a consistent process across the businesses for determining how and when Calls would be made through the ATDS and scoring or rating the Calls sent through the ATDS, and agreeing on unified payment and compensation schemes.

37. Upon information and belief, THE LEAD RACKETEERS worked strategically with THE CALLER RACKETEERS to send their illegal messages to duck liability under the TCPA and force TCPA "consent" and thus assisted in the perpetration of, and provided the technical resources for the perpetration of, racketeering, wire fraud, illegal call recording, the making of terroristic threats, deprivation of civil rights under color of law, perjury through forced/spoofed consent, TCPA violations, and illegal caller ID spoofing.

38. THE LEAD RACKETEERS' businesses directly loaded customer information onto THE CALLER RACKETEERS "mainframe" or "back-end" computer systems, with various marketing and sales tools, illegally obtained call recordings, and illegally obtained fraudulent consent information

39. THE LENDOR RACKETEERS' behavior was particularly egregious because, upon

10

Plaintiff emailing THE LENDOR RACKETEERS informally to negotiate a settlement to the

matter, Plaintiff was threatened with being reported for criminal penalties if he filed a lawsuit

under the TCPA. In brief, Jayne Mack, a manager and controller of LEDNOR CORPORATION

D.B.A. HARRY HELMET, emailed plaintiff, saying she would forward "all information and e-

mails to the New Jersey and Pennsylvania Attorney General's office and the New Jersey and

Pennsylvania Bar Association." Such an e-mail was intended to have a "chilling effect" on

Plaintiff and intended to illegally bully, harass, and strike fear into Plaintiff to avoid a TCPA

lawsuit.

40. THE IPO RACKETEERS' behavior was particularly egregious because, during a call

with THE IPO RACKETEERS, Plaintiff spoke to a supervisor of company named "John," who

threatened to "Kick Rocks" at Plaintiff, a terroristic death threat intended to have a "chilling

effect" on Plaintiff and intended to illegally bully, harass, and strike fear into Plaintiff to avoid a

TCPA lawsuit.

41. The enterprise is the combination of all the entities named herein as defendants. The

period of the conspiracy has lasted from at least sometime in July 2017 to the present day.

42. Because of the tight connection between all defendants, such crimes amount to

Racketeering. Defendants, and each of them, have engaged in the predicate acts of racketeering,

wire fraud, TCPA violations, illegal call recording, the making of terroristic threats, deprivation

of civil rights under color of law, perjury through forced/spoofed consent, and money laundering

which supports the claim of violation of 18 U.S.C. §1962(d) and (c), conspiracy to conduct

racketeering affairs through a pattern of racketeering activity.

V.    <strong><u>Causes Of Action</u></strong>

<strong><u>First Cause of Action</u></strong>

11

(Negligent Violation of the TCPA "RoboCall/Text" Prohibition, 47 U.S.C. § 227 et seq.)

43. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

44.  As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboCall/Text" Prohibition, 47 U.S.C. § 227 et seq.)

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

48.  Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/Text" Prohibition, 47 U.S.C. § 227 et seq.)

49. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

12

50. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

51. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/Text" Prohibition, 47 U.S.C. § 227 et seq.)

52. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

53. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

54. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Caller ID Spoofing"
Prohibition, 47 U.S.C. § 227 et seq.)

55. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

56. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C.

13

§ 227(e), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

## Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Caller ID Spoofing" Prohibition, 47 U.S.C. § 227 et seq.)

57. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

58. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(e), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

## Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

59. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

60. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

## Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

61. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

14

62. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Ninth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

63. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

64. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Tenth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

65. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

66. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Eleventh Cause of Action

(Fraud)

67. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

15

68. Defendants and Defendants' agents made the willful and knowingly false statements to Plaintiff of transmitting false caller identification information, proporting to obtain forced TCPA consent, and concealing company identity, when Defendants made their "RoboCall"/Sales Calls to Plaintiff's private domicile telephone. Plaintiff suffered damages due to reliance on Defendants' false statements as Plaintiff answered telephone calls that he otherwise would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

## Twelfth Cause of Action

(Trespass to Chattel)

69. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

70. Defendants and Defendants' agents conduct of telemarketing constituted an electronic trespass to Plaintiff's private telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally deprived Plaintiff of the use and enjoyment of his telephone system for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

71. At no time did Plaintiff consent to this trespass.

72. Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

## Thirteenth Cause of Action

16

(Conversion)

73. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

74. Defendants and Defendants' agents conduct of telemarketing constituted a conversion of Plaintiff's private telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

75. Plaintiff is therefore entitled to the entire value of his telephone and service, in an amount to be determined according to proof at trial.

76. At no time did Plaintiff consent to this conversion.

77. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring, and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

### Fourteenth Cause of Action

(RICO Conspiracy 18 U.S.C. §1964(c))

78. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

79. Defendants, and each of them, have engaged in the predicate acts of wire fraud and money laundering which supports the claim of violation of 18 U.S.C. § 1962(d) and (c), conspiracy to conduct racketeering affairs through a pattern of racketeering activity.

80. There are two or more acts that form the basis of racketeering engaged in by Defendants by using the wires of the United States to illegally market home improvement services and laundering over $10,000 of the proceeds of the wire fraud through financial institutions. Defendants conspired and engaged in the fraudulent use of the wires to deceive, trick, and/or extort Plaintiff into handing over TCPA rights, money, or property to Defendants, as well as to violate Pennsylvania state call recording laws, and threaten Plaintiff with criminal penalties and bodily harm. Defendants are engaging in spam calling in direct violation of 47 U.S.C. §227 to solicit confidential information over the wires of the United States.

81. Defendants are all associated with and a member of the enterprise as alleged and described above by Plaintiff. Upon information and belief, defendants, and each of them, knowingly committed, conspired, devised, participated, and/or assisted in committing at least two of the predicate acts herein described.

82. The predicate acts formed a pattern of racketeering activity by having the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics so that they were not isolated events. The predicate acts amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future and through the commission of the two or more connected predicate acts, the Defendants conducted or participated in the conduct of the affairs of the enterprise. The enterprise was engaged in, or its activities affected, interstate commerce. The use of the wires and the laundering of money through financial institutions affects interstate commerce.

83. Plaintiff has been injured in his person and property as a direct and proximate cause

18

of Defendants' willful violations of Pennsylvania and Federal law as described above, which is in

the pattern of racketeering activity. Defendants did not act by mistake or accident but rather

acted voluntarily and knowingly all while conspiring and intending to defraud Plaintiff of his

life, liberty, TCPA rights, privacy, money, telephone, person, and property. Each and every

fraudulent telephone message that forms the basis of this cause of action constituted an illegal

use of the wires in violation of 18 U.S.C. §1343.

84. Plaintiff demands threefold damages as well as statutorily imposed attorney fees as a

result of Defendants' racketeering activities described above.

85. Defendants' actions did not result in nor were caused by the purchase of or sale of

securities.

86. It was reasonably foreseeable that defendants would make use of interstate wire

communications in a conspiracy to attempt to defraud Plainitff, and interstate wire

communication was, indeed, used in a conspiracy to attempt to defraud Plaintiff.

87. Defendants' use of the wires (18 U.S.C. 1343) of the United States went across

state lines and thus constitutes the interstate commerce of the racketeering enterprise of

Defendants.

88. Defendants, and each of them, committed, assisted, conspired, participated, and/or

devised two or more acts of racketeering activity within the ten years prior to filing this cause of

action.

89. In addition, Defendants' pattern of racketeering activities is present in the constant

and multiple calling of thousands of telephone numbers illegally over an extended period of time

as described above as well as a knowing and intentional violation of the Do Not Call registry.

90. Each Defendant named herein engaged, directly or indirectly, in the pattern of racketeering affairs and activities described above. Defendants' TCPA violations, overt and express death threats, and malicious threats to report Plaintiff to alleged criminal activities also constitute predicate acts for purposes of racketeering activity.

91. Defendants laundered their profits, revenues, expenses and income from their racketeering activities as defined by 18 U.S.C. 1961 (1), through US financial institutions in violation of 18 U.S.C. §§ 1956 and 1957.

92. The Defendants' specified unlawful activity for purposes of 18 U.S.C. §1956(c)(7), is 18 U.S.C. §1343 as defined in 18 U.S.C. §1961(1).

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

## VI.    Prayer for Relief

On Causes of Action 1-10 {and 14}:

1.  For awards of $500 for each negligent violation as set forth in actions 1-10;

2.  For awards of $1,500 for each knowing and/or willful violation in actions 1-10;

3.  Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$382,500** (17 counts each of: RoboCall, sales call to a number on the National Do-Not-Call registry, caller ID spoofing, failure to place number on internal DNC, failure to provide a copy of DNC policy, with treble damages for each, total of $127,500, plus treble RICO damages (see below).)

For Causes of Action 11-13:

4.  Compensatory, general, incidental, and consequential damages according to proof;

5.  Punitive and special damages according to proof;

20

For Cause of Action 14:

    6.  Treble damages of the $127,500 from causes of action 1-6, for total damages of

$382,500, plus treble payment of any additional recovery;

    7.  RICO attorney's fees (if applicable) and court costs;

    8.  Compensatory, general, incidental, and consequential damages according to proof;

    9.  Punitive and special damages according to proof;

For All Causes of Action:

    10. Punitive damages to punish Defendants for their willful, illegal, and deliberate

tortious conduct and to deter others who may otherwise engage in similar willful illegal and

deliberate tortious conduct;

    11. Prejudgment interest at the maximum legal rate;

    12. Costs of suit herein incurred; and

    13. All such other and further relief as the Court deems proper

### VII.  <u>Demand for Jury Trial</u>

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: August 2, 2017

 

                            Andrew Perrong
                            *Plaintiff Pro-Se*
                        1657 The Fairway #131
                        Jenkintown, PA 19046
                        Phone: 215-791-6957
                        Facsimile: 888-329-0305
                        andyperrong@gmail.com

21

** EXHIBIT A: Listing of Calls/Messages **

NOTE: All Calls sent to 301-920-1621, and were RoboCalls (or placed using an ATDS) and used Spoofed Caller ID and had refusals to place Plaintiff on DNC list/provide a copy of DNC policy, either explicit or implicit

| Date/Time | Caller ID | Notes |
|---|---|---|
| 2017-07-29 14:13:09 | 301-920-1067 | Original call from THE LEAD RACKETEERS |
| 2017-07-31 13:09:55 | 301-242-9572 | Missed call from THE MODERNIZE RACKETEERS |
| 2017-07-31 13:11:37 | 443-364-9982 | Missed call from THE IPO RACKETEERS, left message |
| 2017-07-31 13:10:00 | 443-201-7771 | Text message: Thank you for your recent request for information for your next home improvement project! Someone will be in touch with you shortly to get you set up for your free in home no obligation estimate. If you have any questions or need additional information, don't hesitate to reach out to us directly at (888) 553-5697. I.P.O. Windows & Home www.ipowindows.com |
| 2017-07-31 13:11:52 | 856-780-5707 | Missed call from THE LEDNOR RACKETEERS |
| 2017-07-31 13:11:56 | 856-638-5837 | Missed call from THE LEDNOR RACKETEERS |
| 2017-07-31 13:12:27 | 856-638-5837 | Missed call from THE LEDNOR RACKETEERS |
| 2017-07-31 13:12:58 | 856-780-5707 | Missed call from THE LEDNOR RACKETEERS |
| 2017-07-31 13:13:19 | 301-242-9572 | Missed call from THE MODERNIZE RACKETEERS |
| 2017-07-31 13:16:43 | 301-242-9572 | Missed call from THE MODERNIZE RACKETEERS |
| 2017-07-31 13:20:10 | 301-242-9572 | Missed call from THE MODERNIZE RACKETEERS |
| 2017-07-31 13:20:35 | 410-314-9496 | Missed call from THE PRESTIGE RACKETEERS |
| 2017-07-31 16:54:00 | 410-314-9496 | PRESTIGE RACKETEERS, revoked consent, refused DNC policy&list explicitly |
| 2017-07-31 17:19:38 | 443-883-3972 | THE IPO RACKETEERS, revoked consent, refused DNC policy&list explicitly, death threat |
| 2017-07-31 18:43:21 | 443-863-7029 | PRESTIGE RACKETEERS, after consent revoked, refused DNC policy&list explicitly |
| 2017-08-01 12:41:48 | 301-242-9572 | THE MODERNIZE RACKETEERS, revoked consent, refused DNC policy&list explicitly |
| 2017-08-01 13:07:44 | 856-638-5837 | THE LEDNOR RACKETEERS, after consent revoked, refused DNC policy&list explicitly |

** End of Exhibit A **

22